**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:                                       CASE NO.: 23-30416-KKS
                                                     CHAPTER 13

KATHRIN MARGARETE TINGLE

       Debtor                              /

**CHAPTER 13 TRUSTEE'S**
**OBJECTION(S) TO CONFIRMATION OF**
*FIRST AMENDED CHAPTER 13 PLAN* **(ECF NO. 22)**

**COMES NOW**, LEIGH A. DUNCAN, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby objects to confirmation of Debtor(s)' *First Amended Chapter 13 Plan* (ECF No. 22) for the following reasons:

1. According to the Debtor(s)' Form 122C-1 statement, the applicable commitment period is five (5) years, and the Debtor(s)' Plan term is sixty (60) months.

2. The Plan base is not sufficient to pay all allowed secured, priority and administrative claims.

3. The distribution amount to be paid to the unsecured creditors, according to the Debtor(s)' Plan, is $0.00. This amount does not pay the amount required by

the United States Bankruptcy Code, or $39,882.60, which is the amount necessary to meet the minimum distribution according to Form 122C-1.

4. There is a discrepancy between the amount proposed to be paid through the Plan ($981.00) and the amount of the priority portion of the Proof of Claim filed by the Internal Revenue Service ($100.00). The Trustee intends to pay to the filed Proof of Claim.

5. U.S. Bank National Association/Shellpoint Mortgage Servicing filed a secured Proof of Claim in the amount of $115,947.15. The Plan provides that there will be no payment by the Trustee as the debt was discharged in the Debtor(s)' prior Chapter 7 Bankruptcy. The Plan further states that the creditor shall retain its lien. The Trustee is unaware of any authority for the treatment proposed by the Plan and no objection to claim has been filed to date.

6. The Trustee has not been provided with documentation to determine the pay out date for the retirement loan. Further, it appears the loan pays out early and the Debtor(s) fails to dedicate the funds to the Plan.

7. The Debtor(s) fails to meet the liquidation test, as the Plan provides a distribution of zero percent (0%), which amount is less than the amount needed to meet the liquidation test. Specifically, the Debtor(s) fails to meet the liquidation test due to non-exempt personal property, as Schedule B discloses an unencumbered 2004

Toyota Sequoia valued at $1,500.00 as well as household goods and personal property valued at $2,768.00.

    8.    The Debtor(s)' Schedules reflect a claim secured by a lien on the Debtor(s)' residence which it appears may be paid by the Trustee.  The Trustee has not been provided with copies of documents which support a perfected security interest to determine if the claimant has a perfected security interest.  In addition, the Trustee has not been provided with a copy of the itemization of the pre-petition fees, costs and other charges, including any attorney's fees if applicable, which apply to this claim.  If the documents, through a Proof of Claim, or in another manner are provided to the Trustee, this objection to confirmation may be resolved or rendered moot.

    9.    There is a discrepancy between the gross wages disclosed on Schedule I ($6,389.00) and the gross wages reflected on the pay advices ($7,405.67), providing an additional $1,016.67 per month.

**RESPECTFULLY SUBMITTED**.

        /s/Leigh A. Duncan
         OFFICE OF CHAPTER 13 TRUSTEE
         POST OFFICE BOX 646
         TALLAHASSEE, FL 32302
         ldhecf@earthlink.net
         (850) 681-2734 "Telephone"
         (850) 681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to the persons/entities listed on the attached Exhibit "A", on the same date as reflected on the Court's docket as the electronic filing date for this document.

        /s/Leigh A. Duncan
         OFFICE OF CHAPTER 13 TRUSTEE

November 15, 2023

**EXHIBIT "A"**

KATHRIN MARGARETE TINGLE
316 PRISCILLA DR.
FORT WALTON BEACH, FL 32547

LEWIS & JURNOVOY, P.A.
1100 NORTH PALAFOX STREET
PENSACOLA, FL 32501

U.S. DEPARTMENT OF JUSTICE
JASON COODY
UNITED STATES ATTORNEY
111 N. ADAMS STREET, 4TH FLOOR
TALLAHASSEE, FL 32301

OFFICE OF THE U.S. ATTORNEY
KRISTEN A. FIORE
ASSISTANT UNITED STATES ATTORNEY
21 EAST GARDEN STREET, SUITE 400
PENSACOLA, FL  32502

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC 20530

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
BANKRUPTCY SPECIALIST
400 W. BAY STREET, M/S 5720
JACKSONVILLE, FL 32202

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
BANKRUPTCY SPECIALIST
400 W. BAY STREET, M/S 5730
JACKSONVILLE, FL 32202

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P. O. BOX 7346
PHILADELPHIA, PA 19101-7346

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P. O. BOX 7317
PHILADELPHIA, PA 19101-7317

U.S. DEPARTMENT OF THE TREASURY
JANET YELLEN, SECRETARY OF THE TREASURY
1500 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20220