UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:                                                    Case No. 23-30416-KKS
                                                          Chapter 13 (I)

Kathrin Margarete Tingle,

     Debtor.
_____/

**DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S**
**OBJECTION(S) TO CONFIRMATION OF**
**FIRST AMENDED CHAPTER 13 PLAN**
(ECF No. 27)

COMES NOW the Debtor, Kathrin Margarete Tingle, by and through her attorney of record and files this Response to the Chapter 13 Trustee's Objection(s) to Confirmation of First Amended Chapter 13 Plan (ECF No. 27) and states:

1. Debtor states that her First Amended Plan pays all creditors in full. As a result, the objection of the Chapter 13 Trustee must be overruled.

2. Debtor states the mortgage lender filed Proof of Claim #3 evidencing a properly perfected security interest with an itemization of fees and costs. As a result, the objection of the Chapter 13 Trustee must be overruled.

1

3. Debtor states that the Trustee cannot force her to pay back a debt that was Discharged in a prior bankruptcy. The plan properly reflects the claim (POC #4) of U.S. Bank National Association and allows for the lender to maintain its lien. See First Amended Plan, Part Three, 3.3. As a result, the objection of the Chapter 13 Trustee must be overruled.

4. Debtor states that the values of the vehicles and household items are irrelevant since the plan pays all creditors in full. As a result, the objection of the Chapter 13 Trustee must be overruled.

5. Debtor states that the payout date of the retirement loan is irrelevant since the plan already pays all creditors in full. Further, the Debtor is allowed to propose a 5 year plan since she is above the median income and subject to a 5 year commitment period. If the Debtor were forced to increase her plan payments at the conclusion of the loan payout, then the Trustee would be depriving the Debtor of her right to a 5 year commitment. As a result, the objection of the Chapter 13 Trustee must be overruled.

6. Debtor states that any income discrepancy is irrelevant since the plan already pays all creditors in full. As a result, the objection by the Chapter 13 Trustee must be overruled.

7. Debtor states that she has recently filed an objection to the Proof of Claim filed by the Internal Revenue Service. The objection should not impact confirmation as the plan already provides for that payment and can always be amended if the claim turns out to be more. See First Amended Plan, Part 4, 4.5. As a result, the objection of the Chapter 13 Trustee must be overruled.

8. Debtor states that since the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim, then the Court must overruled the objections of the Chapter 13 Trustee. 11 U.S.C. Section 1325(b)(1)(A).

9. Debtor states that she has met all the requirements for plan confirmation and the objection by the Trustee must be overruled.

WHEREFORE PREMISES CONSIDERED, Debtor prays that this Honorable Court shall overrule the Chapter 13 Trustee's Objection(s) to Confirmation of First Amended Chapter 13 Plan, enter an Order Confirming the case and for such other, further, and different relief as may be appropriate under the circumstances.

_____
Martin S. Lewis, FL Bar No. 0100587
Steven D. Jurnovoy, FL Bar No. 938221
Attorney for Debtor

**OF COUNSEL:**
Lewis & Jurnovoy, P.A.
1100 North Palafox Street
Pensacola, FL 32501
Telephone: (850) 432-9110
Facsimile: (850) 433-8794
Email: landj@lewisandjurnovoy.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Response has been submitted to those listed below by electronic email or by first class mail, postage prepaid on this the 31st day of January 2024.

_____
OF COUNSEL

Leigh A. Duncan, Chapter 13 Trustee:
ldhdock@earthlink.net

Office of United State Trustee:
USTPRegion21.TL.ECF@usdoj.gov

Kathrin Margarete Tingle
316 Priscilla Dr
Ft Walton Beach, FL  32547

5